RECEIVED
JUL 30 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

Paul E. Johnson, individually, and as Personal Representative of the Estate of Marilyn Ione Van Asch

Plaintiffs,

vs.

Case No. 0:26-cv-03466-ECT/DJF
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL

YES _X_ NO____

Joel C. Olson, Referee, Hennepin County District Court Probate & Mental Health, in his individual capacity and in his non-judicial and extra-judicial capacity as a state actor acting under color of law,

Christopher L. Olson, Attorney for Wings Financial Credit Union;

Dustin James Varpness,

Julia Varpness,

John Varpness,

Jonathan Peter Howse,

SCANNED
JUL 30 2026
U.S. DISTRICT COURT ST. PAUL

Varpness Properties LLC,

Joel Hagen, Officer, Minneapolis Police Department, Badge No. 002618,

Tyler Nothnagel, Officer, Minneapolis Police Department, Badge No. 005216,

Hennepin County Sheriff's Deputies John Doe 1–10,

Junk N My Trunk LLC,

Brayshaun Gibson, owner/operator of Junk N My Trunk LLC,

Loomstone LLC

Title Smart Inc.

Northern Realty Ventures LLC

Joe Yurecko

City of Minneapolis; Municipal

Hennepin County; Municipal

Defendant(s).

---

COMPLAINT

1. PARTIES

Plaintiff's

a.

| | |
|---|---|
| Name | Paul Johnson |
| Street Address | 4818 Bryant Ave N |
| County, City | Hennepin, Minneapolis |
| State & Zip Code | Minnesota, 55430 |
| Telephone Number | 612-306-2987 |

b.
Name
Street Address
County, City
State, & Zip Code
Telephone Number

c.
Name
Street Address
County, City
State, & Zip Code
Telephone Number

2. Defendant's

a.
Defendant No. 1

| | |
|---|---|
| Name | Joel Carter Olson, Judge of District Court Probate / Mental Health |
| Street Address | 300 South Sixth Street |
| County, City | Hennepin, Minneapolis |
| State & Zip Code | Minnesota, 55487 |

Capacity: in his individual capacity and in his non-judicial and extra-judicial capacity as a state actor acting under color of law,

b.
Defendant No. 2

| | |
|---|---|
| Name | Christopher L. Olson, Atty: Wings Financial Credit Union |
| Street Address | 4770 White Bear Parkway |
| County, City | Ramsey County White Bear Lake |
| State & Zip Code | Minnesota, 55110 |

Capacity: Individual & non judicial capacity

c. Defendant No. 3

| | |
|---|---|
| Name | Dustin James Varpness, |
| Street Address | 8161 Hidden Ct |

County, City Carver County, Chanhassen
State & Zip Code Minnesota, 55317
Capacity: is sued in his individual capacity as a private actor acting jointly with state actors and under color of state law.

d. Defendant No. 4
Name Julia Varpness,
Street Address 8161 Hidden Ct
County, City Carver County, Chanhassen
State & Zip Code Minnesota, 55317
Capacity: is sued in his individual capacity as a private actor acting jointly with state actors and under color of state law.

e. Defendant No. 5
Name John Varpness,
Street Address 8161 Hidden Ct
County, City Carver County, Chanhassen
State & Zip Code Minnesota, 55317
Capacity: is sued in his individual capacity as a private actor acting jointly with state actors and under color of state law.

f. Defendant No. 6
Name Jonathan Peter Howse,
Street Address 8161 Hidden Ct
County, City Carver County, Chanhassen
State & Zip Code Minnesota, 55317
Capacity: is sued in his individual capacity as a private actor acting jointly with state actors and under color of state law.

g. Defendant No. 7
Name Joel Hagen, Officer Minneapolis Police Dept Badge (002618)
Street Address 350 South 5th Street, Room 130
County, City Hennepin County, Minneapolis
State & Zip Code Minnesota, 55487
Capacity: in his individual capacity and acting under color of state law, jointly and in concert with private actors,

h. Defendant No. 8

| | |
|---|---|
| Name | Tyler Nothnagel, Officer Minneapolis Police Dept Badge (005216) |
| Street Address | 350 South 5th Street, Room 130 |
| County, City | Hennepin County, Minneapolis |
| State & Zip Code | Minnesota, 55487 |

Capacity: in his individual capacity and acting under color of state law, jointly and in concert with private actors,

i. Defendant No. 9

| | |
|---|---|
| Name | City of Minneapolis |
| Street Address | 350 South 5th Street |
| County, City | Hennepin County, Minneapolis |
| State & Zip Code | Minnesota, 55487 |

Capacity,The City of Minneapolis is sued ONLY in its municipal capacity.

j. Defendant No. 10

| | |
|---|---|
| Name | Hennepin County |
| Street Address | 300 South 6th Street |
| County, City | Hennepin County, Minneapolis |
| State & Zip Code | Minnesota, 55487 |

Capacity,The City of Minneapolis is sued ONLY in its municipal capacity.

k. Defendant No. 11

| | |
|---|---|
| Name | Hennepin County Sheriff's Deputies John Doe 1–10 |
| Street Address: | 300 South 6th Street |
| County, City: | Hennepin County, Minneapolis |
| State & Zip Code: | Minnesota, 55487 |

Capacity: in his individual capacity and acting under color of state law, jointly and in concert with private actors,

l. Defendant No. 12

| | |
|---|---|
| Name | Brayshaun Gibson |
| Street Address | 2418 Oakland Ave |
| County, City | Hennepin, Minneapolis |
| State & Zip Code | Minnesota, 55404 |

Capacity: Individual

m. Defendant No. 13

| | |
|---|---|
| Name | Junk In Trunk LLC |
| Street Address | 202 N Cedar Ave STE #1 |
| County, City | Steele County, Owatonna |
| State & Zip Code | Minnesota, 55060 |

Capacity: is a Minnesota limited liability company acting jointly with state actors and under color of state law.

n. Defendant No. 14

| | |
|---|---|
| Name | Northern Realty Ventures LLC |
| Street Address | 2100 Dwight Lane |
| County, City | Hennepin County, Minnetonka |
| State & Zip Code | Minnesota, 55305 |

Capacity: is a Minnesota limited liability company acting jointly with state actors and under color of state law.

o. Defendant No. 15

| | |
|---|---|
| Name | Title Smart Inc. |
| Street Address | 7373 Kirkwood Ct # 120 |
| County, City | Hennepin County Maple Grove |
| State & Zip Code | Minnesota, 55369 |

Capacity: is a Minnesota limited liability company acting jointly with state actors and under color of state law.

p. Defendant No. 16

| | |
|---|---|
| Name | Loomstone LLC |
| Street Address | 202 N Cedar Ave STE #1 |
| County, City | Steele County, Owatonna |
| State & Zip Code | Minnesota, 55060 |

Capacity: is a Minnesota limited liability company acting jointly with state actors and under color of state law.

q. Defendant No. 17

| | |
|---|---|
| Name | Joe Yurecko |
| Street Address | 2100 Dwight Lane |
| County, City | Hennepin County, Minnetonka |
| State & Zip Code | Minnesota, 55305 |

Capacity, Individual

r. Defendant No. 18

| | |
|---|---|
| Name | Varpness Properties LLC |
| Street Address | 8161 Hidden Ct |
| County, City | Carver County, Chanhassen |
| State & Zip Code | Minnesota, 55317 |

**Capacity:** Varpness Properties, LLC is a Minnesota limited liability company sued in its entity capacity as a private actor acting jointly with state actors and under color of state law.

3. Jurisdiction

FEDERAL QUESTION

4. Federal Constitutional Rights

Fourteenth Amendment – Due Process

Fourteenth Amendment – Equal Protection

Fifth Amendment Takings Clause (via 42 U.S.C. § 1983)

FEDERAL STATUTES

42 U.S.C. § 1983 – Civil Rights

42 U.S.C. § 1985 – Conspiracy

42 U.S.C. § 1396p – Medicaid Anti-Lien Statute

Americans with Disabilities Act (ADA) Title II – 42 U.S.C. § 12132

Rehabilitation Act – 29 U.S.C. § 794

42 U.S.C. § 1988 – Civil Rights Enforcement

FEDERAL CASE LAW

Monell v. Department of Social Services, 436 U.S. 658 (1978)

5. Diversity of Citizenship

"Not applicable — jurisdiction is based on Federal Question."

6. ☑ Defendant(s) reside in Minnesota

☑ Facts alleged below primarily occurred in Minnesota

☑ Other: All events occurred in Hennepin County, Minnesota.

JURISDICTION AND VENUE

Federal Question Jurisdiction — 28 U.S.C. § 1331

This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment, Fifth Amendment Takings Clause (via 42 U.S.C. § 1983), 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1396p (Medicaid Anti-Lien Statute), Americans with Disabilities Act (ADA) Title II, Rehabilitation Act (29 U.S.C. § 794), and 42 U.S.C. § 1988. Federal question jurisdiction is proper under 28 U.S.C. § 1331.

Civil Rights Jurisdiction — 28 U.S.C. § 1343(a)(3) & (4)

This Court has jurisdiction over claims seeking to redress the deprivation of rights secured by the Constitution and federal civil-rights statutes. Defendants Joel C. Olson, Joel Hagen, and Tyler Nothnagel acted under color of state law, and private defendants acted jointly with state actors. Jurisdiction is proper under 28 U.S.C. § 1343(a)(3) and § 1343(a)(4).

SUPPLEMENTAL JURISDICTION — 28 U.S.C. § 1367(a)

The Court has supplemental jurisdiction over related state-law claims, including wrongful foreclosure, quiet title, fraud, conversion, vulnerable-adult exploitation, and constructive trust, because these claims arise from the same case or controversy as the federal claims.

VENUE — 28 U.S.C. § 1391(b)

Venue is proper in the District of Minnesota because all defendants reside in Minnesota and all events giving rise to the claims occurred within this District.

INTRODUCTION

This civil action arises from a coordinated series of unconstitutional acts, statutory violations, and abuses of authority committed by state judicial officers, municipal police officers, private actors, and municipal entities in Hennepin County, Minnesota. Plaintiff Paul Johnson brings this action in his personal capacity also as the duly-appointed Personal Representative of the Estate of Marilyn Ione Van Asch, and as Attorney-in-Fact for vulnerable-adult heirs Marcie Henning and Nada Van Asch.

Plaintiffs Henning and Van Asch are federally recognized vulnerable adults who each held Medicaid Undue Hardship Waivers, rendering the decedent's homestead a protected asset under federal law, including 42 U.S.C. § 1396p, and prohibiting foreclosure, seizure, or lien enforcement against the property.

Beginning in 2024 and continuing through 2026, Defendants engaged in a pattern of conduct that deprived Plaintiffs of due process, equal protection, property rights, disability accommodations, and statutory protections guaranteed under federal law. These acts include: (1) probate-court misconduct and off-record coercive directives issued by Referee Joel C. Olson; (2) unlawful police involvement by Minneapolis Police Officers Joel Hagen and Tyler Nothnagel; (3) coordinated actions by private actors Dustin James Varpness, Julia Varpness, John Varpness, and Jonathan Peter Howse of Varpness Properties LLC; (4) foreclosure-related misconduct involving Wings Financial Credit Union and its attorney Christopher L. Olson of GDO Law Firm and (5) systemic failures by Hennepin County and the City of Minneapolis to train, supervise, and prevent violations of federal rights, in violation of Monell v. Department of Social Services, 436 U.S. 658 (1978).

These actions resulted in the unlawful deprivation of Plaintiffs' home, interference with federally protected Medicaid lien rights under 42 U.S.C. § 1396p, exploitation of vulnerable adults, denial of disability accommodations, and unconstitutional takings without due process or just compensation. Defendants acted jointly and in concert, under color of state law, and through municipal policies, customs, and failures to train that

foreseeably caused the harms alleged in this Complaint.

Plaintiffs seek declaratory relief, injunctive relief, compensatory damages, punitive damages, and all other relief available under federal law to remedy the violations committed by Defendants and to prevent further harm.

STATEMENT OF CLAIM

7. Plaintiff Paul Johnson is the duly appointed Personal Representative of the Estate of Marilyn Ione Van Asch under supervised administration pursuant to an April 16, 2025 order of the Hennepin County District Court. Defendants violated Minn. Stat. §§ 580.03 -- 580.04 by refusing to recognize Johnson's legal authority and failing to serve him required foreclosure notices, and violated federal Medicaid Anti-Lien protections under 42 U.S.C. § 1396p by obstructing his ability to protect a federally protected homestead. These actions caused direct harm to Johnson's fiduciary duties and exposed him to legal liability. Relief may be granted because deprivation of statutory notice and interference with federally protected assets constitutes wrongful foreclosure and a due-process violation actionable under 42 U.S.C. § 1983.

8. Plaintiffs Marcie Henning and Nada Van Asch are vulnerable-adult heirs holding DHS Medical Assistance Undue Hardship Waivers, which designate the homestead as a protected asset under 42 U.S.C. § 1396p(b)(2)(A) and Minn. Stat. § 256B.15, subd. 4. Defendants violated federal Medicaid Anti-Lien protections by foreclosing on, seizing, and displacing the heirs from a federally protected homestead, and violated Minnesota's

Vulnerable Adult Act (Minn. Stat. § 626.557) by depriving vulnerable adults of their protected residence. Plaintiffs suffered loss of housing, trauma, and deprivation of statutory rights. Relief may be granted because federal Medicaid protections preempt state foreclosure actions and prohibit seizure of protected homestead property.

9. The Estate's sole significant asset was the homestead located at 1907 Willow Ave N, valued at approximately $239,000, with a mortgage balance of $13,699.50. Defendants' actions unlawfully deprived Plaintiffs of this federally protected asset in violation of 42 U.S.C. § 1396p and Minn. Stat. § 256B.15, which prohibit foreclosure or recovery against a homestead protected by hardship waivers. Plaintiffs suffered financial loss, displacement, and deprivation of federal rights. Relief may be granted because unlawful seizure of a federally protected homestead constitutes a violation of federal law and actionable deprivation of property under §1983.

10. DHS hardship waivers were issued after years of statutory compliance and constitute binding determinations that the heirs were entitled to protection against displacement under 42 U.S.C. § 1396p(b)(2)(A). Defendants ignored these waivers, violating federal Medicaid Anti-Lien law, Minnesota's Medicaid estate-recovery limitations (Minn. Stat. § 256B.15), and Minnesota vulnerable-adult statutes (Minn. Stat. § 626.557), resulting in unlawful foreclosure and eviction. Relief may be granted because refusal to honor hardship waivers constitutes unlawful Medicaid recovery and deprivation of federally protected rights.

11. Despite federal protections, the foreclosure process proceeded without acknowledging the hardship waivers, without lawful notice to the Personal Representative, and without evaluating the heirs' vulnerable-adult status. This violated due-process rights under the Fourteenth Amendment, statutory notice requirements under Minn. Stat. §§ 580.03–580.04, and federal Medicaid protections prohibiting foreclosure of a protected homestead. Plaintiffs were deprived of the opportunity to cure or reinstate the mortgage. Relief may be granted because foreclosure conducted without statutory notice and in violation of federal protections is voidable and actionable under §1983.

12. The Hennepin County Sheriff's Office conducted the sale using outdated ownership information and failed to publicly post the auction until three days after it occurred. This violated Minnesota foreclosure statutes (Minn. Stat. §§ 580.03–580.04), deprived Plaintiffs of meaningful notice, and enabled the unlawful sale of a homestead protected under 42 U.S.C. § 1396p. Plaintiffs suffered loss of the homestead and displacement. Relief may be granted because foreclosure defects and failure to provide statutory notice invalidate the sale and constitute actionable deprivation of property without due process.

13. On April 11, 2025, before the record began, Referee Joel C. Olson stated off-record that "the house gets sold" and "this is what's gonna happen in this case," demonstrating a predetermined outcome before any evidence or argument was presented. This violated Plaintiffs' Fourteenth Amendment right to an impartial tribunal and due process, and ignored federal Medicaid Anti-Lien protections under 42 U.S.C. § 1396p(b)(2)(A), which prohibit foreclosure or seizure of a protected homestead occupied by vulnerable-adult

heirs. Relief is warranted because judicial predetermination is a constitutional violation actionable under 42 U.S.C. § 1983.

14. Referee Olson's off-record statements placed Plaintiff Paul Johnson, as Personal Representative, at risk of legal liability because following Olson's directives would have required Johnson to violate federal Medicaid Anti-Lien protections (42 U.S.C. § 1396p), Minnesota vulnerable-adult statutes (Minn. Stat. § 626.557), and fiduciary duties owed to the heirs under Minnesota probate law. Acting as Olson instructed would have exposed Johnson to criminal liability for financial exploitation of vulnerable adults under Minn. Stat. § 609.2335, because it would have required him to disregard the heirs' hardship waivers and allow seizure of a federally protected homestead. Relief is warranted because coercive off-record judicial directives are not protected by judicial immunity.

15. During subsequent hearings, Referee Olson stated he "did not care" about the DHS hardship waivers and that they could "be used somewhere else," refusing to consider binding federal protections. These statements were consistent with evasion of Medicaid recovery rules under 42 U.S.C. § 1396p, because ignoring the hardship waivers allowed private actors to seize a federally protected homestead while depriving the vulnerable-adult heirs of their statutory and federal right to use the hardship waiver to preserve the property. By disregarding the hardship waivers, Referee Olson facilitated the wrongful recovery of Medicaid-protected assets by the wrong actors, effectively diverting protected Medicaid value away from the heirs who earned the waiver and toward private parties who were not entitled to it. This violated federal Medicaid law (42 U.S.C. §

1396p(a)(1) and § 1396p(b)(2)(A)), Minnesota's Medicaid estate-recovery limitations (Minn. Stat. § 256B.15), and Minnesota vulnerable-adult protections (Minn. Stat. § 626.557). Relief is warranted because refusal to apply controlling federal law is a constitutional violation.

16. Referee Olson denied every motion seeking vulnerable-adult protections, foreclosure intervention, protective orders, or judicial recusal, despite clear evidence of statutory and federal violations. This violated Plaintiffs' rights to due process and equal protection under the Fourteenth Amendment, and denied them access to protections mandated by 42 U.S.C. § 1396p and Minn. Stat. § 256B.15, subd. 4. By denying these motions, Olson further enabled the unlawful diversion of Medicaid-protected homestead value away from the heirs and toward private actors. Relief is warranted because systemic denial of protective motions constitutes actionable judicial misconduct.

17. Referee Olson's refusal to acknowledge the hardship waivers directly enabled the foreclosure process to proceed unlawfully, despite federal prohibitions on seizure of protected homestead property under 42 U.S.C. § 1396p(b)(2)(A) and Minnesota's vulnerable-adult protections. This refusal facilitated the wrongful recovery of Medicaid-protected assets by private actors and deprived the heirs of their federally guaranteed right to remain in the protected homestead. Relief is warranted because judicial refusal to enforce federal protections is actionable under §1983.

18. Referee Olson's predetermined outcome, refusal to consider federal protections, and denial of all protective motions collectively deprived Plaintiffs of a fair hearing, an impartial tribunal, and meaningful judicial review. This violated the Fourteenth Amendment, federal Medicaid Anti-Lien protections (42 U.S.C. § 1396p), and Minnesota vulnerable-adult statutes (Minn. Stat. § 626.557), resulting in displacement of vulnerable-adult heirs and loss of a federally protected homestead. Olson's actions enabled private actors to wrongfully obtain Medicaid-protected property, depriving the heirs of the hardship-waiver benefit they had earned through statutory compliance. Relief is warranted because these constitutional violations directly resulted in Plaintiffs' injuries.

19. Plaintiff Paul Johnson lawfully filed a sheriff's postponement that delayed the foreclosure sale for 11 months. During this period, Johnson was not yet the Personal Representative and therefore could not legally reinstate the mortgage, but he acted within his authority as administrator to protect the Estate. After Johnson was appointed Personal Representative on April 16, 2025, Defendants were legally required under Minn. Stat. §§ 580.03–580.04 to serve him with foreclosure notices and reinstatement instructions, but instead obstructed reinstatement by refusing to allow the HELOC loan to be reinstated despite the homestead's protected status under 42 U.S.C. § 1396p and Minn. Stat. § 256B.15. Relief may be granted because obstructing reinstatement of a federally protected homestead constitutes wrongful foreclosure and deprivation of property without due process under 42 U.S.C. § 1983.

20. During the 11-month postponement period, Johnson entered Wings Financial Credit Union on eight separate occasions attempting to obtain reinstatement figures or refinance the mortgage due to the heirs' federal hardship protections. Bank personnel repeatedly refused to provide reinstatement information and directed Johnson exclusively to attorney Christopher L. Olson, despite knowing that the homestead was protected under 42 U.S.C. § 1396p(b)(2)(A) and Minn. Stat. § 256B.15, subd. 4, which prohibit foreclosure or displacement of vulnerable-adult heirs. Relief may be granted because intentional stonewalling of reinstatement efforts violates Minn. Stat. § 580.30 and constitutes actionable misconduct.

21. Johnson was formally appointed Personal Representative on April 16, 2025. From that date forward, attorney Christopher L. Olson was legally required to serve Johnson with the Notice of Foreclosure and provide reinstatement instructions under Minn. Stat. §§ 580.03–580.04. Olson failed to serve Johnson and continued to ignore the federally protected status of the homestead under 42 U.S.C. § 1396p, depriving Plaintiffs of due process and statutory notice rights. Relief may be granted because failure to provide required foreclosure notice renders the foreclosure voidable under Minn. Stat. § 582.25 and actionable under 42 U.S.C. § 1983.

22. After Johnson's appointment, Olson asserted that the mortgage was a HELOC loan and "could not be reinstated," despite the existence of federal hardship protections under 42 U.S.C. § 1396p(b)(2)(A) and Minnesota reinstatement rights under Minn. Stat. § 580.30. This false claim deprived Plaintiffs of their statutory right to cure the default and

violated federal Medicaid Anti-Lien protections prohibiting foreclosure of a protected homestead. Relief may be granted because refusal to accept lawful reinstatement funds constitutes wrongful foreclosure and actionable deprivation of property rights.

23. In response to Olson's refusal to acknowledge Johnson's appointment, Johnson recorded a protective Deed of Distribution to force proper notice and ensure that foreclosure documents would be served on the Personal Representative. Rather than acknowledging the representative and complying with Minn. Stat. §§ 580.03–580.04, Defendants evaded Johnson and conducted the foreclosure auction anyway, ignoring the hardship waivers that legally prohibited foreclosure under 42 U.S.C. § 1396p(b)(2)(A) and Minn. Stat. § 256B.15. Relief may be granted because conducting a foreclosure sale without serving the Personal Representative violates Minnesota foreclosure statutes and federal due-process protections.

24. The sheriff's sale was conducted using outdated ownership records, improper notice, inconsistent sale documentation, and without serving the Personal Representative. These defects violated Minn. Stat. §§ 580.03–580.04 and deprived Plaintiffs of lawful notice, a meaningful opportunity to reinstate the mortgage, and the ability to protect a homestead that federal law designated as a protected asset under 42 U.S.C. § 1396p. Relief may be granted because foreclosure defects invalidate the sale under Minn. Stat. § 582.25 and constitute actionable violations under §1983 when state actors participate.

25. Defendants failed to acknowledge the heirs' DHS hardship waivers, which legally prohibited foreclosure, seizure, or displacement of vulnerable-adult heirs under 42 U.S.C. § 1396p(b)(2)(A) and Minn. Stat. § 256B.15, subd. 4. By ignoring these waivers, Defendants violated federal Medicaid Anti-Lien protections, Minnesota vulnerable-adult statutes (Minn. Stat. § 626.557), and due-process rights, resulting in the unlawful foreclosure of a federally protected homestead. Relief may be granted because federal Medicaid protections preempt state foreclosure actions and prohibit seizure of protected homestead property.

26. Defendants' combined actions—including refusal to provide reinstatement figures, false claims that the loan could not be reinstated, failure to serve the Personal Representative, and evasion of statutory notice requirements—constitute wrongful foreclosure, deprivation of due process, and unlawful seizure of a federally protected homestead. These actions deprived Plaintiffs of property, housing, statutory protections, and federal rights guaranteed to vulnerable-adult heirs under 42 U.S.C. § 1396p and Minnesota law. Relief may be granted because wrongful foreclosure and deprivation of property without due process are actionable under 42 U.S.C. § 1983.

27. On August 8, 2025, the Hennepin County Sheriff's Office, acting under color of state law, forcibly removed Plaintiff Paul Johnson, the Personal Representative, and vulnerable-adult heirs Marcie Henning and Nada Van Asch from the protected homestead at 1907 Willow Ave N. This eviction occurred despite DHS Medical Assistance Undue Hardship Waivers protecting the homestead under 42 U.S.C. § 1396p(b)(2)(A), and

despite Minnesota's Vulnerable Adult Act (Minn. Stat. § 626.557), which prohibits displacement of vulnerable adults from protected housing. Relief may be granted because forced removal of vulnerable-adult heirs from a federally protected homestead constitutes a violation of federal Medicaid law and is actionable under 42 U.S.C. § 1983.

28. During the August 8, 2025 eviction, Plaintiff Paul Johnson was tasered by deputies of the Hennepin County Sheriff's Office, acting under color of state law and relying on information provided by private actors associated with Homefield Homebuyers LLC. This constituted excessive force in violation of the Fourth Amendment, deprivation of due process under the Fourteenth Amendment, and interference with Johnson's fiduciary duties under Minn. Stat. § 524.3-703. Relief may be granted because excessive force and unlawful removal of a Personal Representative constitute actionable constitutional violations under §1983.

29. The August 8 eviction resulted in the removal of vulnerable-adult heirs from a federally protected homestead, despite their hardship waivers. This violated federal Medicaid Anti-Lien protections (42 U.S.C. § 1396p), Minnesota Medicaid estate-recovery limitations (Minn. Stat. § 256B.15), and Minnesota vulnerable-adult protections (Minn. Stat. § 626.557). Relief may be granted because displacement of vulnerable adults from a protected homestead is prohibited by federal law and actionable under §1983.

30. On September 11, 2025, Plaintiffs returned to the protected homestead to check the mail and discovered that private actor Brayshaun Gibson of Junk N My Trunk, LLC had already entered the home without notice, without consent, and without lawful authority, and was actively throwing Estate property into dump trucks. Minneapolis Police Department Officers Joel Hagen and Tyler Nothnagel, acting under color of state law, were called to the scene because Plaintiffs were still litigating the eviction and the home remained legally titled to the Estate and vulnerable heirs Marcie Henning and Nada Van Asch. This unauthorized entry violated Plaintiffs' Fourth Amendment rights, Minnesota trespass law (Minn. Stat. § 609.605), and federal Medicaid Anti-Lien protections under 42 U.S.C. § 1396p, which prohibits interference with a protected homestead occupied by vulnerable-adult heirs. Relief may be granted because unlawful entry into a federally protected residence is actionable under §1983 when private actors act jointly with state actors.

31. Officers Hagen and Nothnagel checked the property records and confirmed that title and taxpayer information remained in the names of Marcie Henning and Nada Van Asch, and that Varpness Properties did not own the home. Despite this knowledge, private actor Jonathan Howse of Varpness Properties, LLC falsely claimed ownership of the home. Officers, acting under color of state law, failed to remove the unlawful actors and instead allowed Gibson and Varpness personnel to continue removing property. This violated Minnesota conversion law (Minn. Stat. § 609.52), constituted unlawful seizure under the Fourth Amendment, and deprived Plaintiffs of their protected homestead under 42 U.S.C.

§ 1396p. Relief may be granted because unlawful seizure of property by private actors acting jointly with state actors is actionable under §1983.

32. At the time of the September 11 incident, Varpness Properties did not hold legal title to the homestead. Title was not conveyed until Sept 11, 2025, and even then, the conveyance was made to Northern Realty Ventures, not Varpness. The conveyance was post-dated and fraudulent, executed in haste to create the false appearance of lawful ownership and to evade liability. Later on October 3 2025, title was conveyed again—this time to Varpness Properties—constituting a second fraudulent conveyance both using a warranty deed. Despite knowing that title remained with Marcie Henning and Nada Van Asch, Officers Hagen and Nothnagel allowed private actors to continue removing property and performing unpermitted construction and structural alterations. This violated Minnesota building-permit requirements (Minn. Stat. § 326B.106), constituted destruction of Estate property, and interfered with the Personal Representative's statutory duties under Minn. Stat. § 524.3-703. Relief may be granted because destruction of Estate property and interference with fiduciary duties constitute actionable violations under §1983 when done jointly with state actors.

33. The September 11 incident occurred while the homestead remained federally protected under DHS hardship waivers, which prohibit foreclosure, seizure, or displacement of vulnerable-adult heirs under 42 U.S.C. § 1396p(b)(2)(A). By allowing private actors to remain in the home, remove property, and perform unpermitted construction after verifying that title remained with the heirs, Officers Hagen and

Nothnagel, acting under color of state law, violated federal Medicaid Anti-Lien protections and deprived Plaintiffs of their statutory right to remain in the protected homestead. Relief may be granted because violation of federal Medicaid protections is actionable under §1983.

34. Law enforcement officers acted jointly with private actors during both incidents—by enforcing the unlawful removal on August 8, 2025 and by failing to remove unlawful actors and allowing continued property destruction on September 11, 2025. This joint action constitutes state action under §1983, making all participants liable for constitutional violations, including unlawful entry, unlawful seizure, excessive force, displacement of vulnerable adults, and deprivation of federal Medicaid protections. Relief may be granted because joint-action liability applies when private actors and state actors collaborate in violating federal rights.

35. The combined actions of private actors and law enforcement, all acting under color of state law, deprived Plaintiffs of their home, personal property, federal hardship-waiver protections, vulnerable-adult protections, and constitutional rights. These actions violated the Fourth Amendment, Fourteenth Amendment, 42 U.S.C. § 1396p, Minn. Stat. § 626.557, Minn. Stat. § 256B.15, and Minnesota trespass and theft statutes. Relief may be granted because unlawful entry, unlawful seizure, excessive force, displacement of vulnerable adults, and destruction of protected property are actionable under 42 U.S.C. § 1983

36. After Plaintiffs were unlawfully evicted on August 8, 2025, and while they were still actively challenging the eviction in court, Plaintiff Paul Johnson returned to the protected homestead to check the mail. Although Plaintiffs had been physically removed, legal title to the property remained with Marcie Henning and Nada Van Asch, and DHS hardship waivers continued to protect the homestead under federal law. During this period, an employee of Brayshaun Gibson of Junk N My Trunk, LLC approached Plaintiffs and stated that "you're never coming back to this house" and that "Brayshaun has real pistols," implying that firearms were available and would be used if Plaintiffs attempted to return. No firearms were visibly displayed, but the statement conveyed that weapons were accessible and would be used to inflict harm. These threats constituted intimidation, coercion, and threats of violence under Minn. Stat. § 609.713, and violated Plaintiffs' Fourteenth Amendment right to bodily integrity. Relief may be granted because threats of lethal force by private actors acting jointly with state actors are actionable under 42 U.S.C. § 1983.

37. These threats were made while Plaintiffs still held legal title to the homestead and remained entitled to protect it under DHS hardship waivers. Threatening vulnerable-adult heirs with the availability of firearms to force abandonment of a federally protected homestead violated 42 U.S.C. § 1396p(b)(2)(A), Minnesota's Vulnerable Adult Act (Minn. Stat. § 626.557), and constituted financial exploitation under Minn. Stat. § 609.2335. Relief may be granted because coercion of vulnerable adults to abandon protected property is prohibited by federal and state law.

38. Minneapolis Police Department officers were repeatedly notified of these threats and the statements indicating that firearms were available. Officers were also informed—and later confirmed through property records—that title and taxpayer information remained in the names of Marcie Henning and Nada Van Asch, meaning Plaintiffs still held legal ownership despite the unlawful eviction. Despite this knowledge, officers acting under color of state law failed to intervene, failed to remove Gibson's employee, and failed to protect Plaintiffs from intimidation and coercion. This failure to act constituted deliberate indifference to Plaintiffs' safety in violation of the Fourteenth Amendment and deprived Plaintiffs of equal protection under the law. Relief may be granted because deliberate indifference by state actors to known threats of violence is actionable under §1983.

39. Officers' refusal to intervene occurred while Gibson's employee and other private actors were simultaneously asserting false ownership claims, removing property, and performing unpermitted construction. By refusing to stop Gibson's employee—who was unlawfully occupying the protected homestead and using threats of firearm availability to intimidate Plaintiffs—officers acted jointly with private actors and enabled continued violations of federal Medicaid Anti-Lien protections and Minnesota vulnerable-adult statutes. Relief may be granted because joint participation in intimidation and unlawful occupation constitutes state action under §1983.

40. The threats of firearm availability, intimidation, and the officers' refusal to intervene caused Plaintiffs severe emotional distress, fear of bodily harm, and prevented them from exercising their lawful rights as Personal Representative and vulnerable-adult heirs.

These actions violated the Fourth Amendment, the Fourteenth Amendment, 42 U.S.C. § 1396p, Minn. Stat. § 626.557, and Minn. Stat. § 609.713. Relief may be granted because intimidation with threats of firearms and coercive displacement of vulnerable adults from a federally protected homestead are actionable under §1983.

41. The combined actions of private actors and law enforcement—Gibson's employee's threats of firearm availability, intimidation, refusal to intervene, and continued unlawful occupation—constitute a pattern of coercion designed to deprive Plaintiffs of their home, federal hardship-waiver protections, and constitutional rights. These actions violated the Fourth Amendment, Fourteenth Amendment, federal Medicaid Anti-Lien protections, and Minnesota criminal statutes governing threats and vulnerable-adult exploitation. Relief may be granted because coordinated intimidation and coercion by private actors and state actors is actionable under 42 U.S.C. § 1983.

Post-Eviction Fraud, Title Manipulation, MA-Lien Theft, and Coordinated Scheme

42. After the September 11, 2025 incident, private actors associated with Varpness Properties, LLC continued to unlawfully occupy, alter, and control the protected homestead despite knowing that legal title remained in the names of vulnerable-adult heirs Marcie Henning and Nada Van Asch, and despite knowing Plaintiffs were still actively litigating the unlawful eviction. This violated 42 U.S.C. § 1396p(b)(2)(A), Minn. Stat. § 626.557, and the Fourteenth Amendment. Relief may be granted because

continued interference with a federally protected homestead is actionable under 42 U.S.C. § 1983.

43. On September 11, 2025, while Plaintiffs and Minneapolis Police Department officers were present, Varpness Properties' agent Jonathan Peter Howse falsely claimed that Varpness owned the home "as of September 8, 2025." Officers checked property records and confirmed that title and taxpayer information remained in the names of Marcie Henning and Nada Van Asch, proving Howse's claim false. This violated Minn. Stat. § 609.625 (fraudulent statements) and the Fourteenth Amendment. Relief may be granted because knowingly providing false ownership information to state actors to facilitate unlawful occupation is actionable under §1983.

44. Immediately after officers confirmed the heirs still held title, Varpness Properties contacted the Deputy Recorder's Office attempting to force a title transfer while Plaintiffs were still present. When the Recorder refused, Varpness executed a fraudulent conveyance using a warranty deed transferring title to Northern Realty Ventures, despite having no lawful authority. This violated Minn. Stat. § 507.02, Minn. Stat. § 609.625, and 42 U.S.C. § 1396p(b)(2)(A). Relief may be granted because fraudulent conveyances designed to evade federal protections are actionable under §1983.

45. On October 3, 2025, Varpness executed a second fraudulent conveyance, transferring title from Northern Realty Ventures to Varpness Properties, LLC. This second transfer was executed using a warranty deed despite known title defects, probate restrictions, and

federal hardship-waiver protections. This violated Minn. Stat. § 256B.15, Minn. Stat. § 626.557, and the Fourteenth Amendment. Relief may be granted because fraudulent title manipulation designed to evade federal protections is actionable under §1983.

46. After obtaining the fraudulent title transfer, Varpness Properties appeared in probate court with attorneys Kevin Dunlevy and David Sienko, and foreclosure agent Christopher Olson appeared for Wings Financial Credit Union. All parties acknowledged that title was in dispute, probate proceedings were ongoing, and vulnerable-adult protections applied. Despite this knowledge, Varpness continued to occupy the home, remove property, and perform unpermitted construction. This violated Minn. Stat. § 524.3-703, Minn. Stat. § 326B.106, and 42 U.S.C. § 1396p. Relief may be granted because continued occupation in violation of probate restrictions and federal protections is actionable under §1983.

47. Varpness then executed another warranty-deed transfer to Loomstone LLC, while simultaneously renting the home for $5,000 per month and pulling a $165,000 mortgage loan on the property. These actions were taken despite known title defects, probate restrictions, and federal hardship-waiver protections. This violated Minn. Stat. § 609.625, Minn. Stat. § 256B.15, and the Fourteenth Amendment. Relief may be granted because fraudulent financial transactions designed to evade federal protections are actionable under §1983.

48. On February 7, 2026, Varpness instructed Plaintiff Paul Johnson to initiate an insurance claim on their behalf regarding the disputed title. Plaintiff refused and demanded return of the home to the vulnerable-adult heirs. Immediately thereafter, Varpness began liquidating its assets, transferring 35 of its 49 properties into other LLCs in batch transfers on February 27, 2026, March 3, 2026, and March 13, 2026. This violated Minn. Stat. § 609.52 (theft by swindle), Minn. Stat. § 609.625, and the Fourteenth Amendment. Relief may be granted because coordinated asset liquidation designed to evade liability is actionable under §1983.

49. During this same period, Judge Joel C. Olson listed his own home for sale in April 2026, and it sold in June 2026. This occurred while Judge Olson was obstructing evidence in probate and the Minnesota Court of Appeals, refusing to enforce federal hardship-waiver protections, and facilitating the foreclosure despite known title defects. This violated the Fourteenth Amendment and Minn. Stat. § 626.557. Relief may be granted because judicial misconduct that facilitates constitutional violations is actionable under §1983.

50. Foreclosure agent Christopher Olson of Wings Financial Credit Union refused to provide Plaintiff with the reinstatement amount of $13,699.54, refused to return calls after Plaintiff's appointment as Personal Representative, and refused to provide any method to reinstate the mortgage. This ensured the home would be forced into a sheriff's foreclosure sale despite federal hardship-waiver protections and despite the protective title transfer to the vulnerable-adult heirs. This violated 42 U.S.C. § 1396p, Minn. Stat. §

256B.15, and the Fourteenth Amendment. Relief may be granted because refusal to honor federal protections constitutes a violation actionable under §1983.

51. These coordinated actions—fraudulent conveyances, refusal to honor federal hardship-waiver protections, refusal to allow reinstatement, concealment of ownership, asset liquidation, judicial obstruction, and continued occupation—constitute a pattern of racketeering-type conduct designed to:

evade federal Medicaid Anti-Lien protections, steal the MA lien owed to the State of Minnesota, strip the Estate of its remaining equity, displace vulnerable-adult heirs, conceal ownership through fraudulent transfers, profit through rental income and mortgage loans, and evade liability through asset liquidation.

This violated 42 U.S.C. § 1396p, Minn. Stat. § 626.557, Minn. Stat. § 256B.15, and the Fourteenth Amendment. Relief may be granted because coordinated racketeering-type conduct by private actors and state actors is actionable under §1983.

52. These actions collectively violated the Fourth Amendment, Fourteenth Amendment, 42 U.S.C. § 1396p, Minn. Stat. § 626.557, Minn. Stat. § 256B.15, Minn. Stat. § 507.02, Minn. Stat. § 609.625, and constitute a coordinated scheme actionable under 42 U.S.C. § 1983. Relief may be granted because unlawful entry, fraudulent conveyances, MA-lien theft, vulnerable-adult exploitation, and judicially facilitated equity theft are actionable under federal civil-rights law.

## CAUSES OF ACTION

53. Plaintiff realleges and incorporates 1–52 as though fully set forth herein. These allegations establish that Defendants acted under color of state law, jointly with state actors, with willful participation, and with the acquiescence of state officials, causing the deprivation of Plaintiffs' federal constitutional rights, federal statutory rights, state statutory rights, and probate-protected interests.

## CAUSE OF ACTION 1 — FOURTH AMENDMENT VIOLATIONS (UNLAWFUL ENTRY, UNLAWFUL SEIZURE, EXCESSIVE FORCE)

Against: Minneapolis Police Department Officers Hagen and Nothnagel; Hennepin County Sheriff's Office; Varpness Properties, LLC; Junk N My Trunk, LLC; Brayshaun Gibson; and private actors acting jointly with state actors

54. Defendants, acting under color of state law and jointly with private actors, unlawfully entered the protected homestead on September 11, 2025 without consent, notice, or lawful authority, violating Plaintiffs' Fourth Amendment right to be free from unreasonable searches.

55. Defendants unlawfully seized and destroyed Estate property, including furniture, clothing, medical equipment, and sentimental items, without inventory, legal process, or authority, violating the Fourth Amendment's protection against unreasonable seizures.

56. On August 8, 2025, Plaintiff Paul Johnson was tasered and arrested by Hennepin County Sheriff's deputies while attempting to protect vulnerable-adult heirs and a federally protected homestead, constituting excessive force under the Fourth Amendment.

57. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered physical injury, emotional distress, property loss, displacement, and deprivation of constitutional rights.

58. Relief may be granted because unlawful entry, unlawful seizure, and excessive force by state actors—and private actors acting jointly with state actors—are actionable under 42 U.S.C. § 1983.

CAUSE OF ACTION 2 — FOURTEENTH AMENDMENT VIOLATIONS (DUE PROCESS, EQUAL PROTECTION, BODILY INTEGRITY)

Against: All Defendants

59. Defendants, acting under color of law and jointly with private actors, deprived Plaintiffs of property rights without due process by executing fraudulent conveyances, refusing reinstatement, concealing ownership transfers, and occupying the home despite known title defects and probate restrictions.

60. Defendants deprived Plaintiffs of equal protection by refusing to protect vulnerable-adult heirs, ignoring hardship-waiver protections, and refusing to intervene despite knowing Plaintiffs still held legal title.

61. Threats of firearm availability made by an employee of Junk N My Trunk, LLC Brayshaun Gibson violated Plaintiffs' Fourteenth Amendment right to bodily integrity and security, and officers' refusal to intervene constituted state-actor acquiescence.

62. As a direct and proximate result, Plaintiffs suffered emotional distress, fear of harm, displacement, and deprivation of constitutional rights.

63. Relief may be granted because deprivation of due process, equal protection, and bodily integrity is actionable under 42 U.S.C. § 1983.

CAUSE OF ACTION 3 — VIOLATION OF FEDERAL MEDICAID ANTI-LIEN PROTECTIONS (42 U.S.C. § 1396p)

Against: Varpness Properties, LLC; Northern Realty Ventures; Loomstone LLC; Wings Financial Credit Union; Christopher Olson; Minneapolis Police Department; Hennepin County Sheriff's Office

64. Vulnerable-adult heirs Marcie Henning and Nada Van Asch held DHS hardship waivers under 42 U.S.C. § 1396p(b)(2)(A), prohibiting foreclosure, seizure, or displacement of the protected homestead.

65. Defendants violated federal Anti-Lien protections by:

executing fraudulent conveyances, forcing eviction despite federal protections, refusing reinstatement of the mortgage, occupying the home, removing property, performing unpermitted construction, renting the home for profit, and pulling a mortgage loan on federally protected property.

66. State actors' refusal to intervene constituted acquiescence, making private actors liable under §1983.

67. As a direct and proximate result, Plaintiffs lost protected housing, equity, MA-lien recovery rights, and federal statutory protections.

68. Relief may be granted because of violations of 42 U.S.C. § 1396p are actionable under 42 U.S.C. § 1983.

CAUSE OF ACTION 4 — VULNERABLE-ADULT ABUSE, NEGLECT, AND FINANCIAL EXPLOITATION Minn. Stat. § 626.557; Minn. Stat. § 609.2335

Against: Varpness Properties, LLC; Northern Realty Ventures, Junk N My Trunk, LLC; Brayshaun Gibson; Wings Financial Credit Union; Christopher Olson, Joel C. Olson, Tyler Nothnagel, Joel Hagen, Julia Varpness, John Varpness, Dustin James Varpness, Jonathan Peter Howse,

69. Defendants exploited vulnerable-adult heirs by displacing them from federally protected housing, destroying their property, concealing ownership transfers, renting the home for profit, pulling a mortgage loan, and evading MA-lien recovery.

70. State actors' refusal to intervene constituted willful participation and joint-action liability.

71. As a direct and proximate result, vulnerable-adult heirs suffered displacement, property loss, financial exploitation, and deprivation of statutory protections.

72. Relief may be granted because vulnerable-adult exploitation is actionable under Minnesota law and enforceable through §1983 when state actors participate or enable the exploitation.

CAUSE OF ACTION 5 — FRAUDULENT CONVEYANCES AND TITLE MANIPULATION, Minn. Stat. § 507.02; Minn. Stat. § 609.625

Against: Varpness Properties, LLC; Northern Realty Ventures; Loomstone LLC; Titlesmart; Deputy Recorder's Office (in joint-action capacity)

73. Defendants executed fraudulent warranty-deed transfers on September 11, 2025 and October 3, 2025 despite known title defects, probate restrictions, and federal hardship-waiver protections.

74. Defendants concealed ownership through post-dated deeds, batch transfers, and transfers to shell LLCs, constituting fraudulent statements and interference with protected property.

75. State actors' refusal to intervene constituted acquiescence, making private actors liable under §1983.

76. Relief may be granted because fraudulent conveyances designed to evade federal protections are actionable under §1983.

CAUSE OF ACTION 6 — PROBATE INTERFERENCE, FIDUCIARY OBSTRUCTION, AND JUDICIALLY CREATED LIABILITY, Minn. Stat. § 524.3-703; 42 U.S.C. § 1983

Against: Varpness Properties, LLC; Wings Financial Credit Union; Christopher Olson; Judge Joel C. Olson (non-judicial capacity)

77. Plaintiff realleges 1–76. As Personal Representative, Plaintiff Paul Johnson was vested with statutory duties under Minn. Stat. § 524.3-703 to protect Estate assets, enforce federal hardship-waiver protections, and prevent unlawful conveyances. Defendants interfered with these duties by obstructing probate filings, concealing title transfers, refusing reinstatement, and occupying the protected homestead.

78. Judge Joel C. Olson made statements on the record that placed Plaintiff at personal legal liability for actions taken in his official capacity as Personal Representative, including suggesting Plaintiff could be held personally responsible for title defects, conveyance issues, or alleged procedural irregularities, despite Plaintiff acting under statutory authority and federal hardship-waiver protections. These statements were extra-judicial, administrative, and outside the scope of judicial immunity.

79. Judge Olson's comments created a chilling effect on Plaintiff's ability to perform fiduciary duties, obstructed Plaintiff's statutory authority, and exposed Plaintiff to

potential civil or criminal liability for actions required by law, constituting administrative misconduct, probate interference, and retaliatory judicial conduct outside judicial capacity.

80. Judge Olson's statements emboldened private actors — including Varpness Properties, Wings Financial, and foreclosure agent Christopher Olson — to continue fraudulent conveyances, refuse reinstatement, and disregard federal protections, because the judge's comments suggested Plaintiff lacked authority or faced personal liability for enforcing the law.

81. As a direct and proximate result, Plaintiff suffered exposure to personal legal liability, obstruction of fiduciary duties, inability to protect Estate assets, loss of federal hardship-waiver protections, loss of MA-lien recovery rights, displacement of vulnerable-adult heirs, destruction of Estate property, and deprivation of constitutional rights.

82. Relief may be granted because interference with fiduciary duties, obstruction of probate administration, and extra-judicial judicial conduct that exposes a Personal Representative to personal liability are actionable under 42 U.S.C. § 1983 when state actors participate or enable the interference.

CAUSE OF ACTION 7 — CIVIL CONSPIRACY AND JOINT-ACTION LIABILITY

42 U.S.C. § 1983

AGAINST: ALL DEFENDANTS

83. Plaintiff realleges 1–82. Defendants acted jointly and in concert to unlawfully evict Plaintiffs, occupy the protected homestead, destroy property, execute fraudulent conveyances, evade federal protections, evade MA-lien recovery, conceal ownership, liquidate assets, obstruct probate, and profit from rental income and mortgage loans.

84. State actors — including Minneapolis Police Department officers, Hennepin County Sheriff's deputies, and Judge Joel C. Olson — engaged in willful participation, joint-action, and acquiescence, enabling private actors to commit constitutional violations.

85. Private actors — including Varpness Properties, Northern Realty Ventures, Loomstone LLC, Wings Financial Credit Union, Titlesmart, Home Field Home Buyers, and Junk N My Trunk, LLC — relied on state actors' refusal to intervene to continue unlawful conduct.

86. As a direct and proximate result, Plaintiffs suffered unlawful eviction, property destruction, displacement, loss of protected housing, loss of equity, MA-lien theft, and deprivation of constitutional rights.

87. Relief may be granted because private actors who act jointly with state actors are liable under 42 U.S.C. § 1983 for constitutional violations.

CAUSE OF ACTION 8 — RACKETEERING-TYPE CONDUCT (PATTERN OF FRAUD, EXPLOITATION, AND CONCEALMENT), 42 U.S.C. § 1983

Against: Varpness Properties, LLC; Northern Realty Ventures; Loomstone LLC; Wings Financial Credit Union; Titlesmart; Home Field Home Buyers; Deputy Recorder's Office; Minneapolis Police Department; Hennepin County Sheriff's Office; Judge Joel C. Olson

88. Plaintiff realleges 1–87. Defendants engaged in a pattern of racketeering-type conduct including fraudulent conveyances, false ownership claims, concealment of title, insurance-fraud indicators, asset liquidation, MA-lien theft, vulnerable-adult exploitation, judicial obstruction, and coordinated profit-driven occupation of protected property.

89. State actors — including Minneapolis Police Department, Hennepin County Sheriff's Office, and Judge Joel C. Olson — participated in or acquiesced to the scheme, establishing joint-action liability under 42 U.S.C. § 1983.

90. Private actors — including Varpness Properties, Northern Realty Ventures, Loomstone LLC, Wings Financial Credit Union, Titlesmart, and Home Field Home Buyers — executed fraudulent deeds, concealed ownership, pulled mortgage loans, rented the home for profit, and liquidated assets to evade liability.

91. As a direct and proximate result, Plaintiffs suffered displacement, property destruction, loss of equity, loss of MA-lien recovery rights, and deprivation of constitutional rights.

92. Relief may be granted because coordinated racketeering-type conduct that deprives Plaintiffs of constitutional rights is actionable under 42 U.S.C. § 1983.

## CAUSE OF ACTION 9 — MUNICIPAL LIABILITY (MONELL CLAIM)

Against: City of Minneapolis; Hennepin County

93. Plaintiff realleges 1–92. Defendants City of Minneapolis and Hennepin County are liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the constitutional violations described herein were caused by official policies, customs, practices, and failures to train and supervise.

94. The City of Minneapolis, through its police department, maintained a custom and practice of refusing to protect vulnerable-adult heirs, refusing to enforce federal Medicaid Anti-Lien protections, refusing to intervene in unlawful property destruction, and refusing to remove private actors unlawfully occupying protected property.

95. Hennepin County, through its Sheriff's Office, executed an unlawful eviction, tasered Plaintiff, displaced vulnerable-adult heirs, and ignored federal hardship-waiver protections, reflecting a policy and custom of ignoring federal protections and probate restrictions.

96. Both agencies demonstrated a pattern of similar incidents, including ignoring vulnerable-adult protections, ignoring federal Medicaid Anti-Lien protections, ignoring probate restrictions, enabling private actors to commit property destruction, refusing to intervene in fraudulent conveyances, and refusing to enforce criminal statutes.

97. The City of Minneapolis and Hennepin County failed to train and supervise officers regarding vulnerable-adult protections, federal Medicaid Anti-Lien protections, probate

restrictions, unlawful eviction procedures, and constitutional rights under the Fourth and Fourteenth Amendments.

98. These failures constitute deliberate indifference under *City of Canton v. Harris*, 489 U.S. 378 (1989), and were the moving force behind Plaintiffs' injuries.

99. Relief may be granted because municipalities are liable under 42 U.S.C. § 1983 when official policies, customs, or failures to train cause constitutional violations.

CAUSE OF ACTION 10 — JUDICIAL MISCONDUCT, EXTRA-JUDICIAL ACTS, AND CONSPIRACY UNDER COLOR OF LAW

Against: Judge Joel C. Olson (non-judicial capacity)

100. Plaintiff realleges 1–99. Judge Joel C. Olson is liable under 42 U.S.C. § 1983 because he engaged in non-judicial acts, administrative acts, and extra-judicial conduct outside the scope of judicial immunity, and acted under color of law to facilitate constitutional violations.

101. Judge Olson refused to enforce federal Medicaid Anti-Lien protections, vulnerable-adult protections, and probate restrictions despite having actual knowledge of these protections.

102. Judge Olson obstructed evidence, suppressed probate filings, and refused to allow the Personal Representative to present statutory protections, constituting administrative misconduct outside judicial immunity.

103. Judge Olson acted jointly with foreclosure agent Christopher Olson and private actors including Varpness Properties, LLC by facilitating foreclosure despite known title defects, refusing reinstatement protections, and enabling fraudulent conveyances.

104. Judge Olson made statements indicating predetermination, bias, and coordination with private actors, demonstrating conduct outside the scope of judicial decision-making.

105. Judge Olson listed and sold his own home during the period in which he was obstructing probate protections, facilitating foreclosure, and enabling fraudulent conveyances, constituting personal involvement, conflict of interest, and extra-judicial conduct.

106. As a direct and proximate result, Plaintiffs suffered unlawful eviction, property destruction, displacement, loss of protected housing, loss of equity, MA-lien theft, and deprivation of constitutional rights.

107. Relief may be granted because judges are liable under 42 U.S.C. § 1983 when they act outside judicial capacity, engage in administrative misconduct, participate in conspiracies with private actors, or act in the clear absence of jurisdiction.

PRAYER FOR RELIEF

108. Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants. Plaintiff seeks a declaration that Defendants' conduct violated his rights under the Fourth Amendment, Fourteenth Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1396p, Minn. Stat. § 626.557, Minn. Stat. § 256B.15, Minn. Stat. § 507.02, Minn. Stat. § 524.3-703, and all other applicable federal and state protections.

109. Plaintiff requests injunctive relief restoring the protected homestead to the Estate of Marilyn Ione Van Asch and returning legal title to the vulnerable-adult heirs. Plaintiff seeks an order voiding all fraudulent deeds, restoring possession of the home, removing unlawful occupants, and prohibiting further rental, mortgage, or financial exploitation of the property.

110. Plaintiff further requests an order restoring legal title to the protected homestead exclusively to the vulnerable-adult heirs, Marcie Henning and Nada Van Asch, exactly as reflected in the protective title transfer executed by the Estate's Personal Representative. Because Marcie Henning and Nada Van Asch were the only individuals who qualified for and received federal hardship-waiver protection under 42 U.S.C. § 1396p(b)(2)(A), and because Defendants financially exploited them, displaced them, and attempted to evade MA-lien recovery through fraudulent conveyances and unlawful occupation, equity requires that title be returned solely to their names. Plaintiff requests that the Court affirm and reinstate the protective title transfer and declare all subsequent deeds void.

111. Plaintiff requests injunctive relief prohibiting Defendants from interfering with federal Medicaid Anti-Lien protections, probate administration, or the statutory duties of the Personal Representative, and prohibiting further fraudulent conveyances, title manipulation, or exploitation of vulnerable-adult heirs.

112. Plaintiff requests restoration of all equity stripped from the protected homestead through fraudulent conveyances, unlawful occupation, rental income, mortgage loans, or asset liquidation. Plaintiff further requests restoration of the State of Minnesota's MA-lien recovery rights under 42 U.S.C. § 1396p and Minn. Stat. § 256B.15.

113. Plaintiff requests that Defendants be ordered to pay, in full, all outstanding Medical Assistance (MA) bills, liens, or recovery amounts owed to the State of Minnesota and the federal government, including direct payment to the DHS Estate Recovery Unit, because Defendants' conduct unlawfully obstructed MA-lien recovery, attempted to steal from the State and federal government, and deprived vulnerable-adult heirs of federally protected hardship-waiver rights.

114. Plaintiff seeks compensatory damages for all injuries suffered as a direct and proximate result of Defendants' conduct, including unlawful eviction, unlawful seizure and destruction of property, loss of protected housing, loss of equity, loss of MA-lien recovery rights, emotional distress, physical injury, financial exploitation, interference with fiduciary duties, obstruction of probate, and all other harms caused by Defendants.

115. Plaintiff seeks punitive damages against all individual Defendants whose conduct was malicious, reckless, fraudulent, or in willful disregard of Plaintiff's constitutional and statutory rights.

116. Plaintiff seeks treble damages where authorized by law, including for financial exploitation of vulnerable adults under Minn. Stat. § 626.557 and Minn. Stat. § 609.2335, and for fraudulent conveyances under Minn. Stat. § 507.02 and Minn. Stat. § 609.625.

117. Plaintiff requests an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and all other applicable fee-shifting statutes.

118. Plaintiff requests any additional relief the Court deems just and proper, including appointment of a special master, forensic accounting of all rental income, mortgage proceeds, and asset transfers, sanctions, referral for criminal investigation, and any equitable relief necessary to restore the Estate and its heirs.

JURY DEMAND

**119.** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 27, 2026

Respectfully submitted,

Paul E. Johnson July 29, 2026

Personal Representative of the Estate of Marilyn Ione Van Asch

4818 Bryant Ave N

Minneapolis, MN 55430

lolasharkent@gmail.com

320-775-5027

612-306-2987