UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul E. Johnson, *individually, and as Personal Representative of the Estate of Marilyn Ione Van Asch*, Marcie Henning, and Nada Van Asch,

Plaintiffs,

v.

Joel Carter Olson, *Judge of District Court Probate / Mental Health, in his individual capacity and in his non-judicial and extra-judicial capacities as a state actor acting under color of law*, Christopher L. Olson, *Attorney for Wings Financial Credit Union, in his individual and non-judicial capacity*, Dustin James Varpness, Julia Varpness, John Varpness, Jonathan Peter Howse, Varpness Properties LLC, Joel Hagen, *Officer, Minneapolis Police Department, Badge No. 002618, in his individual capacity and acting under color of state law, jointly and in concert with private actors*, Tyler Nothnagel, *Officer, Minneapolis Police Department, Badge No. 005216, in his individual capacity and acting under color of state law, jointly and in concert with private actors*, John Doe, *Hennepin County Sheriff's Deputies 1-10, in his individual capacity and acting under color of state law, jointly and in concert with private actors*, Junk N My Trunk LLC, Brayshaun Gibson, *owner/operator of Junk N My Trunk LLC, in his individual capacity*, Loomstone LLC, Title Smart Inc., Northern Realty Ventures LLC, Joe Yurecko, City of Minneapolis, and Hennepin County,

Defendants.

File No. 26-cv-3466 (ECT/DJF)

**OPINION AND ORDER**

---

Plaintiff Paul E. Johnson initiated this action on his own behalf, on behalf of an estate for which he has been appointed personal representative, and on behalf of two individuals who Johnson alleges are "vulnerable-adult heirs" of the estate. Compl. ¶ 8 [ECF No. 1]. Johnson submitted an application to proceed *in forma pauperis* ("IFP") at the outset of this action. *See* ECF No. 2. The IFP application establishes that Johnson himself qualifies financially for IFP status, but estates cannot proceed IFP, *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993); *In re Estate of Van Putten*, 553 F. App'x 328 (4th Cir. 2014) (per curiam), and Johnson is holding himself out as seeking relief on behalf of the estate. Moreover, Johnson is also holding himself out as seeking relief on behalf of two other plaintiffs, neither of whom have themselves filed IFP applications.

Ultimately, there are two interrelated problems created by Johnson's decision to seek relief on behalf of the trust and other individuals as well as himself. First, "if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status." *See Anderson v. California*, No. 10-cv-2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). Unless each plaintiff qualifies for IFP status (and again, the trust *cannot* qualify for IFP status), then the plaintiffs are required to pay the filing fee for this action before this lawsuit can go forward. Second, Johnson is not an attorney. He cannot represent the interests of the trust, the two other individuals identified as plaintiffs, or anyone other than himself in federal court. *See* 28 U.S.C. § 1654; *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951–52 (8th Cir. 2005) ("Other circuits interpret section 1654 as prohibiting a non-attorney administrator of an estate from proceeding pro

se when there are other beneficiaries or creditors of the estate." (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) and *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002))).

On August 3, 2026, Johnson was given a choice as to how he wanted to proceed. *See* ECF No. 4 at 3. Johnson could elect to proceed only with claims seeking relief on his own behalf and not purporting to seek relief on behalf of the trust or the two other plaintiffs; in this case, an amended complaint would be required, but Johnson would remain eligible for IFP status, and no filing fee would be due. Alternatively, this action could proceed with each of the named plaintiffs continuing to be plaintiffs—but only if an attorney entered a notice of appearance on behalf of the plaintiffs, and only if the filing fee was paid for this matter. Johnson was given until August 24, 2026, to make his choice. *See id.*

On August 25, 2026, Johnson filed a motion for appointment of counsel on behalf of the non-trust plaintiffs pursuant to Rule 17(c) of the Federal Rules of Civil Procedure and on behalf of himself and the trust pursuant to 28 U.S.C. § 1915(e)(1) or, alternatively, an extension of the deadline for finding counsel willing to represent him in this matter. *See* ECF No. 5. The motion is now before the Court and is denied in all respects.

Rule 17(c)(2) provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Competency in this context is a legal question, but "[n]either the language of Rule 17(c) nor the precedent of . . . other circuits imposes upon district judges an obligation to inquire *sua sponte* into a

pro se plaintiff's mental competence." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). Johnson has not presented any evidence—and, for that matter, has not even alleged—that the two other individuals named as plaintiffs are legally incompetent to proceed on their own behalf. *See* ECF Nos. 1, 5. Even if the other plaintiffs are legally incompetent, however, appointment of a guardian ad litem would not change anything about the predicament that Johnson is now in. The roles of guardian ad litem and attorney are entirely distinct, *see, e.g.*, *Am. Fam. Life Ins. Co. v. Est. of Bradley*, No. 2:23-CV-0312-MKD, 2024 WL 3636275, at *3 (E.D. Wash. Apr. 16, 2024), and appointment of a guardian ad litem would not by itself change the fact that the two other individual plaintiffs can only proceed in this action if they are represented by an attorney (or represent themselves). Furthermore, appointment of a guardian ad litem to represent the two other individual plaintiffs would do absolutely nothing about the fact that the estate, which also remains a plaintiff in this action, must be represented by counsel as well.

Johnson seeks to get around this obstacle by asking that counsel be appointed on behalf of the estate pursuant to § 1915(e)(1), but that provision is no help to him either. For one thing, a court cannot *appoint* counsel under § 1915(e)(1). That provision allows only that "[t]he court may *request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). For another thing, the power to request that an attorney represent an unrepresented party extends only to "any person unable to afford counsel," and "person" in this context, as in the context of eligibility for IFP status, means "natural person." *See Leber v. Bryan Med. Ctr.*, No. 8:25-CV-401, 2025 WL 2029838, at *2 (D. Neb. July 21, 2025) (collecting cases).

Johnson's final fallback position is, if the Court is unwilling to appoint counsel on behalf of the other plaintiffs, he would like an additional 45 days to find an attorney willing to represent the group. But Johnson was warned that if the estate were to remain part of this action, not only would an attorney be needed, but also the $405.00 filing fee would have to be paid by no later than August 24, 2026, failing which this action could be dismissed without prejudice. *See* ECF No. 4 at 3. Regardless of whether Johnson is successful in finding an attorney willing to represent the estate, the plaintiffs owe the filing fee for this matter. Johnson was given an opportunity to pay that filing fee (or to modify his complaint and remove the presence of the plaintiffs who made payment of the filing fee necessary), and he has failed to do so by the deadline previously established. Accordingly, this action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The dismissal, being without prejudice, will not preclude Johnson from returning to federal court after he has found an attorney willing to represent the estate and the other individuals whom Johnson purports to represent in this lawsuit.

**ORDER**

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

2. The application to proceed *in forma pauperis* of Plaintiff Paul E. Johnson [ECF No. 2] is **DENIED**.

3. Johnson's motion for consideration of court-appointed counsel for vulnerable adults and for an extension of time [ECF No. 5] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 3, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court